# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROMEREO D. ROSS, | ) | 1:08cv1098 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| JOHN E. POTTER, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Romereo D. Ross filed the instant action pursuant to 42 U.S.C. § 1983 on July 30, 2008.

    On October 30, 2008, Plaintiff's counsel, Daniel K. Martin, appeared at the Joint Scheduling Conference and requested additional time to verify service. Mr. Martin failed to file a Joint Scheduling Conference Statement, or *any* pleading notifying the Court of the service issue, one week prior to the Scheduling Conference, pursuant to the July 30, 2008, order. The Scheduling Conference was continued to February 4, 2009.

    On February 4, 2009, Mr. Martin failed to appear for the Scheduling Conference and did not otherwise contact the Court. He again failed to file a Joint Scheduling Report, or any document, one week prior to the Conference. Mr. Martin failed to appear despite (1) an e-mail correspondence from the Court on January 29, 2009, inquiring as to whether the Status Conference was going forward; and (2) a voice mail message from the Court.

To date, no proof of service has been filed.

## DISCUSSION

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending, without prosecution, since July 25, 2008. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the

occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's July 30, 2008, order setting the Scheduling Conference expressly stated, in bold and capitalized font:

> **SHOULD COUNSEL . . . FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT OR OTHER APPROPRIATE ACTION MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

Therefore, based on Mr. Martin's (1) failure to serve the complaint within the time set forth in Federal Rule of Civil Procedure 4; (2) failure to submit two Status Conference Statements, or other documents notifying the Court of the status of the action; and (3) failure to appear at two Scheduling Conferences, the Court HEREBY RECOMMENDS that this action be DISMISSED.

### **RECOMMENDATION**

Based on the above, the Court recommends that this action be DISMISSED.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 9, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE